# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN SWEENEY,

    Petitioner,

      v.

UNITED STATES PAROLE
COMMISSION,

    Respondent.

Civil Action No. 16-404 (JEB)

## MEMORANDUM OPINION

*Pro se* Petitioner John Sweeney is currently incarcerated in the District of Columbia Jail. He originally challenged the legality of his detention by filing a habeas action under 28 U.S.C. § 2241 on February 12, 2016, which was assigned to Judge Rosemary Collyer of this district. Apparently believing that two rolls of the dice are better than one, he then filed this identical § 2241 Petition before this Court two weeks later. As the legality of Sweeney's detention has already been decided on the merits, the Court will deny this duplicative Petition.

## I.    Background

On June 21, 2010, Sweeney was sentenced in the Superior Court of the District of Columbia to an aggregate prison term of 72 months for assault with intent to commit robbery and related weapons offenses. See Sweeney v. U.S. Parole Comm'n (Sweeney I), No. 16-245, 2016 WL 3030230, at *1 (D.D.C. May 26, 2016) (describing history). Upon his release from incarceration, he began serving a three-year term of supervised release. Id. He was arrested again in April 2015 and charged with four counts of unlawful possession of weapons and ammunition and one count of second-degree cruelty to children. See District of Columbia v.

1

Sweeney, 2015-CF2-4535. On June 8, 2015, Judge Patricia A. Broderick of the Superior Court ordered Sweeney detained pending disposition of his new case. Sweeney I, 2016 WL 3030230, at *1; see also Sweeney, 2015-CF2-4535. He was committed to the D.C. Jail and has been incarcerated there since. Sweeney I, 2016 WL 3030230, at *1. Sweeney's new criminal matter just resulted in a conviction on July 13, 2016. Sweeney, 2015-CF2-4535.

In response to the new charges, the United States Parole Commission separately issued a "violator warrant" on May 7, 2015, because such charges, if true, violated the terms of his supervised release. Sweeney I, 2016 WL 3030230, at *1. Because such warrant was not executed by June 8 – the date Judge Broderick ordered Sweeney detained – it has been lodged with the District of Columbia until a date upon which execution may be appropriate. Id. As Sweeney is currently being held pending sentencing on the new charges, the Commission has yet to hold a hearing on the violator warrant. Id.

On February 12, 2016, Sweeney filed his first Petition for Writ of Habeas Corpus. Id. The crux of that Petition was that the Commission had violated his due-process rights by failing to hold a hearing on the violator warrant. See First Petition at 5. Sweeney inexplicably then filed this action on February 26, 2016, only two weeks later. See ECF No. 1. The Petition before this Court is identical to that filed in Sweeney I, with the only identifiable difference between the two being that the second Petition's signature is dated. On May 26, 2016, Judge Collyer issued an Opinion denying Sweeney's first Petition and dismissing the case. Sweeney I, 2016 WL 3030230, at *1. The Commission now moves to dismiss the instant Petition on the ground that "the matter has previously been discharged by this Court." Opp. at 1.

## II.    Analysis

In opposing Sweeney's Petition for a Writ of Habeas Corpus, the Commission contends that a court has already ruled upon the "substance" of his claim.  While Respondent does not articulate what doctrine it believes warrants dismissal here, it appears to be referring to *res judicata*.  Such a challenge to Sweeney's Petition, however, would be misplaced as "[r]es judicata does not apply to habeas petitions."  Baynes v. Zenk, 215 F. App'x 932, 933 (11th Cir. 2007); see also Schlup v. Delo, 513 U.S. 298, 319 (1995) ("This Court has consistently relied on the equitable nature of habeas corpus to preclude application of strict rules of res judicata.").

The Court can, instead, use its discretion to dismiss Sweeney's claims on two alternative grounds.  See Rasmussen v. Joslin, No. 07-355, 2008 WL 2329105, at *4-6 (S.D. Tex. June 4, 2008) ("Although respondent does not address this issue, a 'long line of precedent' establishes that courts may *sua sponte* raise affirmative defenses in habeas cases.") (citing Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999)).  First, he impermissibly filed duplicative Petitions in the same court at the same time; and second, his Petition is successive as Judge Collyer has already ruled on the merits of an identical one.  The Court considers each ground in turn.

### A.  Duplicative Pleadings

Despite Sweeney's best attempts to get a second bite at the habeas-corpus apple, "[a] plaintiff has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."  Baird v. Gotbaum, 792 F.3d 166, 171 (D.C. Cir. 2015) (quoting Zerilli v. Evening News Ass'n, 628 F.2d 217, 222 (D.C. Cir. 1980)).  To prevent duplicative pleadings, this district has the "discretion to control [its] docket[] by dismissing duplicative cases."  Clayton v. District of Columbia, 36 F. Supp. 3d 91, 94 (D.D.C. 2014) (quoting Katz v. Gerardi, 655 F.3d 1212, 1217 (10th Cir. 2011)); Bowe-Connor v.

McDonald, No. 15-269, 2015 WL 807537, at *1 (D.D.C. Feb. 25, 2015) ("Where a plaintiff brings duplicative claims against the same defendant, . . . [t]he [best] course is to dismiss the claims in the new case as duplicative of the already-pending claims.") (citation and internal quotation marks omitted); see also Columbia Plaza Corp. v. Sec. Nat'l Bank, 525 F.2d 620, 626 (D.C. Cir. 1975) ("Sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided.") (footnotes omitted).

The bar restricting duplicative actions applies to all plaintiffs alike, refusing to distinguish between those proceeding *pro se* and those represented by counsel. Bowe-Connor, 2015 WL 807537, at *1 (dismissing *pro se* plaintiff's complaint as it was "nearly identical [to the] complaint" filed six days prior as both recited the same allegations, used the same language, sought the same relief, and named the same defendant); Phelps v. Stomber, 883 F. Supp. 2d 188, 233 (D.D.C. 2012) (dismissing duplicative claim where plaintiff was represented by counsel).

This caselaw alone is sufficient to mandate dismissal.

B.  Second or Successive Petition

There is, in addition, another independent ground supporting the same result. Although the doctrine of *res judicata* does not apply to habeas petitions, "claims brought pursuant to successive § 2241 petitions may be barred by the successive writ rule [under] 28 U.S.C. § 2244(a)." Baynes, 215 F. App'x at 933 (citing Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir. 1990)). Section 2244(a) provides that no "district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been

determined by a judge . . . on a prior application for a writ of habeas corpus, except as provided in Section 2255." 28 U.S.C. § 2244(a).

Section 2244(a) "applies with full force to claims brought under § 2241," notwithstanding the mention of § 2255. Caldwell v. Shartle, 461 F. App'x 98, 100-01 (3d Cir. 2012) (internal citation omitted); see, e.g., Walton v. U.S. Parole Comm'n, No. 07-890, 2008 WL 341637, at *4-5 (D. Colo. Feb. 5, 2008) ("Petitions for relief under § 2241 fall within the ambit of 28 U.S.C. § 2244(a).") (citing George v. Perrill, 62 F.3d 333, 334 (10th Cir. 1995)). To bar a § 2241 petition as successive under § 2244(a), "the same claims must have been raised and adjudicated on the merits in the petitioner's prior habeas proceedings." Watson v. United States, 392 F. App'x 737, 742 (11th Cir. 2010) (citing Kuhlmann v. Wilson, 477 U.S. 436, 444 n.6 (1986)); see also Thunder v. U.S. Parole Comm'n., 165 F. App'x 666, 668 (10th Cir. 2006) ("Under § 2244(a), a district court may dismiss a petition for writ of habeas corpus brought pursuant to § 2241 if it appears that a federal court has previously passed on the legality of the petitioner's detention in a prior habeas application and no new claim is raised."); Crawford v. Callahan, 201 F. App'x 629, 629-30 (10th Cir. 2006) (dismissing Petitioner's challenge to his parole revocation and subsequent detention as successive, as he had previously filed a habeas petition in the District of Columbia on similar grounds); Gill v. Wilson, No. 12-401, 2013 WL 2240112, at *3-4 (E.D. Va. May 21, 2013) (dismissing pending petition alleging that Parole Commission "failed to conduct a dispositional review within 180 days of a detainer" as successive because petitioner made same allegations in his prior § 2241 proceedings and court had found those claims to be without merit); Walton, 2008 WL 341637, at *5 (finding Walton's petition successive as he had previously alleged that Commission "lodged [an] improper detainer

after execution of parole violation warrant, and violated his due process rights by not holding a prompt revocation hearing") (internal quotation marks omitted).

The fact that Sweeney filed his Petitions within two weeks of each other, prior to Judge Collyer's reaching the merits of his original one, does not undermine the holding that the Petition currently pending before this Court is now successive.  See Cofield v. Ne. Ohio Corr. Ctr., No. 07-1675, 2007 WL 2034283, at *1-2 (N.D. Ohio July 10, 2007) (recounting that first petition was still pending when second petition was filed, and second petition was dismissed as successive shortly after first petition was decided); see also Bernard v. Reese, No. 06-57, 2007 WL 3506184, at *2-3 (S.D. Miss. Oct. 5, 2007) (same).  "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits."  Farrugia v. Warden, USP-Terre Haute, No. 13-104, 2015 WL 1565008, at *5 (S.D. Ind. Apr. 7, 2015) (quoting Potts v. United States, 210 F.3d 770, 770 (7th Cir. 2000)), aff'd, No. 15-2089 (7th Cir. Dec. 15, 2015).  Sweeney has received that opportunity.

Sweeney is not entitled to a second adjudication of the same issues presented in his first Petition.  "To do so would either be a waste of the Court's time . . . or the source of an unnecessary conflict with [another court] were [this] Court to disagree."  Summers v. Quintana, No. 12-1648, 2012 WL 3248275, at *2 (C.D. Cal. June 27, 2012); see also Fazzini v. Warden of NEOCC, No. 05-765, 2007 WL 2236600, at *5 (N.D. Ohio July 31, 2007) ("[I]t would be redundant for this Court to reexamine [the] same issues [relating to the Commission's decision to revoke petitioner's parole] on the merits.").  As the legality of Sweeney's detention has been determined and his current Petition is identical to his first, this Court will dismiss it as successive under 28 U.S.C. § 2244(a).

**III.     Conclusion**

For these reasons, the Court will issue an accompanying Order dismissing Sweeney's

Petition for a Writ of Habeas Corpus.


/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge


Date:   July 18, 2016